IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 28 2015

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

JASMINE BARCLAY

v.

Case No. _3:15-cv-00033 DPM/JTR_

FREDRICK HORN;
SSS TRUCKING, INC.;
and JOHN DOES 1-10

PLAINTIFF

DEFENDANTS

This case assigned to District Judge __MARSHALL__
and to Magistrate Judge_____ __RAY__

## NOTICE OF REMOVAL

COME NOW defendants, Fredrick Horn and SSS Trucking, Inc., by and through their

attorneys, WOMACK, PHELPS & McNEILL, P.A., and for their Notice of Removal, state:

1.      Plaintiff commenced this action when she filed her complaint on December 23, 2014,

in the Circuit Court of Mississippi County, Arkansas, Chickasawba District; said action was

docketed as No. CV-2014-204(PH). (See Exhibit A, Complaint) Plaintiff also issued summonses

to be served upon defendants Fredrick Horn and SSS Trucking, Inc. (See Exhibit B, Summonses)

2.      On January 2, 2015, plaintiff served Fredrick Horn by certified mail with a summons,

a copy of the Complaint, Interrogatories and Requests for Production, and Plaintiff's First Set of

Requests for Admissions. (See Exhibit C, Proof of Service; Exhibit D, Interrogatories and Requests

for Production; and Exhibit E, First Set of Requests for Admissions)

3.      On January 9, 2015, plaintiff served Tommy E. Dulaney, the agent for service of

process for SSS Trucking, Inc., by certified mail with a summons, a copy of the Complaint, and

Interrogatories and Requests for Production. (See Exhibit F, Proof of Service; and Exhibit G,

Interrogatories and Requests for Production)

4.    Plaintiff's cause of action is for the recovery of tort damages that allegedly resulted from a motor vehicle accident that occurred in September 2014, in or near Blytheville, Mississippi County, Arkansas.

5.    Plaintiff is alleged to be a resident of Mississippi County, Arkansas.

6.    Defendant Fredrick Horn is a resident of Butler, Alabama. Defendant SSS Trucking, Inc. is a Mississippi corporation with its principal place of business located in the State of Mississippi. The citizenship of defendants sued under fictitious names is disregarded, pursuant to 28 U.S.C. § 1441(b)(1).  Complete diversity of citizenship exists between the parties to this litigation.

7.    All defendants who have been properly joined and served hereby join in and consent to the removal of this action.

8.    Plaintiff's suit is a civil action of which this Court has original jurisdiction, under 28 U.S.C. § 1332(a), because it is an action between citizens of different states and the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, which is in excess of the minimum amount required for diversity of citizenship jurisdiction in Federal Court.

9.    This cause of action may be removed to this Court, pursuant to 28 U.S.C. § 1441.

10.   This Court is the proper jurisdiction.

11.   The United States District Court, Eastern District of Arkansas, Jonesboro Division, embraces the county in which the state court action is now pending; thus, this Court is the proper venue.

12.   This notice of removal is timely filed, pursuant to 28 U.S.C. § 1446(b).

13.     Defendant has provided written notice of the filing of this notice of removal to

plaintiff and has filed a copy of this notice with the Clerk of the Circuit Court of Mississippi County,

Arkansas.

WHEREFORE, defendants, Fredrick Horn and SSS Trucking, Inc., pray that this action be

removed to the United States District Court, Eastern District of Arkansas, Jonesboro Division; that

no further proceedings be had in the Circuit Court of Mississippi County, Arkansas; and for all other

relief to which they are entitled.

Respectfully submitted,

Jeffrey W. Puryear (93109)
Ryan M. Wilson (2008206)
WOMACK, PHELPS & McNEILL, P.A.
P.O. Box 3077
Jonesboro, AR  72403-3077
(870) 932-0900
jpuryear@wpmfirm.com
rwilson@wpmfirm.com

By _____
    Attorneys for Defendants

## CERTIFICATE OF SERVICE

I certify that service of the above and foregoing Notice of Removal was made by mailing a
copy of same to the following attorney of record on this 28th day of January, 2015:

Brandon Lacy
Wilcox & Lacy, PLC
600 S. Main Street
Jonesboro, AR 72403
        *Attorneys for Plaintiff*

_____
Jeffrey W. Puryear



FILED

DEC 23 2014

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

NA H...
CLERK

JASMINE BARCLAY                                                      PLAINTIFF

v.                          NO. CV-2014-204  (PH)

FREDRICK HORN;
SSS TRUCKING, INC.;
and JOHN DOES 1-10                                                  DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Jasmine Barclay, by and through her undersigned attorneys,

Wilcox and Lacy, PLC., and for her Complaint against Defendants, Fredrick Horn, SSS

Trucking Inc., and John Does 1-10, states:

1.      Plaintiff, Jasmine Barclay, is a resident of Mississippi County, Arkansas.

2.      Defendant Fredrick Horn is a resident of Butler, Alabama.

3.      Defendant SSS Trucking, Inc. is a foreign corporation with its principal place

of business located in a state other than Arkansas. The registered agent for the company is

Tommy E. Dulaney, South Industrial Park, Highway 11 South, Meridian, Mississippi, 30307.

4.      Defendants John Does 1-10 are individuals and/or entities that, either through

their own negligence or vicariously through other individuals and/or entities, are liable for

the injuries sustained by the Plaintiff in the motor vehicle collision that is the subject of this

lawsuit. Despite diligent inquiry, the identities and whereabouts of these individuals remain

unknown at this time.

1



EXHIBIT

A

5.      This action involves personal injuries sustained by Jasmine Barclay when a tractor trailer owned by Defendant SSS Trucking, Inc. and/or certain John Doe entities and driven by Defendant Fredrick Horn and/or certain John Doe entities, struck Ms. Barclay's vehicle after switching lanes on September 9th, 2014. The accident was due to the negligence of Defendant Fredrick Horn as more fully described herein. The accident caused severe and permanent injuries to Jasmine Barclay.

6.      Jurisdiction and venue are proper in this Court based upon the residence of the parties and the location of the accident which gives rise to this claim.

## GENERAL ALLEGATIONS

7.      On or around September 9th, 2014, Jasmine Barclay turned eastbound into the outside (right) lane of East State Highway 18 from the drive of Regal Motor Industries. At all times, immediately before, during, and after the accident in question, Jasmine Barclay was operating her vehicle in a reasonable and safe manner and in compliance with all applicable rules of the road.

8.      On the day of the collision, Defendant Fredrick Horn was traveling eastbound directly behind another vehicle in the inside (left) lane of East State Highway 18 through Blytheville, Arkansas.

9.      After Ms. Barclay had already turned into the outside lane of East State Highway 18 from Regal Motor Industries, Defendant Fredrick Horn attempted to pass traffic

2

then traveling in front of his vehicle by switching to the outside lane. Defendant failed to properly check for upcoming traffic entering or exiting the outside lane and collided with the front driver's side fender and door of the Plaintiff's vehicle.

10.     At the time of the collision, Defendant Horn was an employee and/or agent of Defendant SSS Trucking, Inc. and was acting within the course and scope of his employment or agency. All negligence of Defendant Horn is imputed to SSS Trucking, Inc. under the doctrines of vicarious liability and respondeat superior.

11.     Defendant failed to keep a proper lookout and maintain control of the vehicle, thus causing the collision.

12.     As a result of the Defendants' careless and negligent operation and maintenance of his/their motor vehicle, the resulting collision caused serious, permanent injury to the Plaintiff.

## COUNT I - NEGLIGENCE

13.     Paragraphs 1-12 are incorporated herein by reference as set forth word for word.

14.     On September 9, 2014, Defendants were careless and negligent in the operation, maintenance, and use of the subject tractor trailer.

15.     Specifically, but without limitation, Defendant was negligent for failing to: (1) keep a proper lookout; (2) keep his vehicle under control; (3) properly yield to other vehicles using the roadway; and, (4) otherwise failing to act in a way that ensured the safety of other

drivers.

16.     As a result of Defendants' negligence, Plaintiff suffered serious injuries, permanent in nature.

17.     As a result of the injuries caused by the Defendants' negligence, Plaintiff has suffered pain and mental anguish in the past and are reasonably expected to experience the same in the future, and have incurred past and will incur future medical expenses related to the injuries.

18.     As a result of the injuries caused by Defendants' negligence, Plaintiff is entitled to recover all medical expenses incurred and to be incurred in the future related to the injuries sustained in the collision, compensation for pain, suffering and mental anguish experienced and to be experienced by Plaintiff as a result of these injuries, compensation for the permanent limitations upon Plaintiff as a result of these injuries, lost wages in the past and reasonably expected to be suffered in the future, and all other out-of-pocket costs and expenses associated with the above described injuries.

19.     Jasmine Barclay is also entitled to recover for the property damage to her vehicle, damages for loss of use of her vehicle, and all other damages arising from the damage to her vehicle in this collision.

## COUNT II–NEGLIGENT HIRING AND RETENTION

20.     Paragraphs 1 through 19 are incorporated herein by reference as set forth word for word.

4

21.     Defendant SSS Trucking, Inc. and/or certain John Doe entity defendants, knew or in the exercise of ordinary care should have known, that Defendant Horn's and/or certain John Doe individual defendants' conduct would subject third parties to an unreasonable risk of harm.

22.     Defendant SSS Trucking, Inc. and/or certain John Doe entity defendants were negligent in the hiring of Defendant Horn and/or certain John Doe individual defendants in that they failed to take adequate precautions to determine the individuals' past history and propensity to subject third parties to an unreasonable risk of harm.

23.     In addition, after discovering evidence of the individuals' propensity to subject third parties to an unreasonable risk of harm, Defendant SSS Trucking, Inc. and/or certain John Doe entity defendants were negligent in retaining Defendant Horn and/or certain John Doe individual defendants.

24.     Defendant SSS Trucking, Inc. and/or certain John Doe entity defendants were negligent in that they failed to exercise ordinary care to investigate and insure that positions such as operators and drivers of their tractor-trailers, which had the potential to cause an unreasonable risk to third parties, were only filled with qualified personnel.

25.     As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages in an amount in excess of that required for federal diversity jurisdiction.

26.     Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff Jasmine Barclay request's that she have and recover damages

as set forth herein and all costs, attorneys' fees and other just and proper relief to which they are entitled.

Respectfully Submitted,

Brandon W. Lacy #03098
**Wilcox & Lacy, PLC**
600 South Main
Jonesboro, AR 72401
(870) 931-3101

By:_____
    Brandon Lacy #03098

6

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

JASMINE BARCLAY                                                PLAINTIFFS

VS.                          Case No.: CV-2014-204  (2H)

FREDERICK HORN;
SSS TRUCKING, INC.;
and JOHN DOES 1-10                                            DEFENDANTS

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT: Frederick Horn**

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint.
Within 30 days after service of this summons on you (not counting the day you received it) – or
60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas
· you must file with the clerk of this court a written answer to the complaint or a motion under
Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and
address are:

Brandon W. Lacy
Wilcox & Lacy, PLC
600 S. Main Street
Jonesboro, AR 72401

If you fail to respond within the applicable time period, judgment by default will be entered against
you for the relief demanded in the complaint.

Address of Clerk's Office:                    CLERK OF COURT
                                              **Donna Hart, Circuit Clerk**

Courthouse                                    By: _Anita Moore_          D.C.
P.O. Box 1498                                     Clerk or Deputy Clerk
200 W. Walnut
Blytheville, AR 72315

                                              Date: _12-23-2014_        _9:00 a.m_

> **EXHIBIT**
> **B**

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

JASMINE BARCLAY                                                    PLAINTIFFS

VS.                                Case No.: CV-2014-204   (PH)

FREDERICK HORN;
SSS TRUCKING, INC.;
and JOHN DOES 1-10                                                 DEFENDANTS

## SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT: SSS Trucking, Inc.**

A lawsuit has been filed against you.  The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) – or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas – you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Brandon W. Lacy
Wilcox & Lacy, PLC
600 S. Main Street
Jonesboro, AR 72401

If you fail to respond within the applicable time period, judgment by default will be entered against you for the relief demanded in the complaint.

Address of Clerk's Office:                    CLERK OF COURT

                                              **Donna Hart, Circuit Clerk**

Courthouse                                    By: _Anita Moore_          D.C.
P.O. Box 1498                                 Clerk or Deputy Clerk
200 W. Walnut
Blytheville, AR 72315

                                              Date: _12-23-2014_      _9:00 A.m_

01/16/2015   10:36 MSCO Circuit Clerk Bly                    (FAX)870 762 8148          P.002/003

**FILED**

JAN 1 2 2015
9:00A
LESLIE MASON
CIRCUIT CLERK

### IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
### CHICKASAWBA DISTRICT
### CIVIL DIVISION

JASMINE BARCLAY                                          **PLAINTIFF**

vs.                        NO. CV-2014-204 (PH)

FREDERICK HORN;
SSS TRUCKING, INC.;
and JOHN DOES 1-10                                       **DEFENDANTS**

### PROOF OF SERVICE

Comes now the Plaintiff, Jasmine Barclay, by and through her attorneys, Wilcox & Lacy,

PLC, and for her Proof of Service, states:

1.      Frederick L. Horn was served with a Complaint and Summons, via certified

mail return receipt, according to the provisions of the Arkansas Rules of Civil Procedure.

Said service is reflected by the attached Return Receipt that was signed by Fred Horn on the

2nd day of January, 2015.

. Dated this 6th day of January, 2015.

Respectfully Submitted,

Brandon Lacy, #03098
Wilcox & Lacy, PLC
Attorneys at Law
600 S. Main Street
Jonesboro, Arkansas 72403
(870) 931-3101

By: _____
        Brandon Lacy, #2003098

**EXHIBIT**

C

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X _Fred Oler_  ☐ Agent  ☐ Addressee <br> B. Received by (Printed Name)   C. Date of Delivery <br> Fred Horn   1 2 15 |
| 1. Article Addressed to: <br><br> Frederick L. Horn <br> 894 Scott Mountain Road <br> Butler, AL 36904 | D. Is delivery address different from item 1?  ☐ Yes <br> If YES, enter delivery address below:   ☐ No |
|  | 3. Service Type <br> ☒ Certified Mail  ☐ Express Mail <br> ☐ Registered  ☒ Return Receipt for Merchandise <br> ☐ Insured Mail  ☐ C.O.D. |
| _Barclay_ | 4. Restricted Delivery? (Extra Fee)  ☒ Yes |
| 2. Article Number <br> (Transfer from service label) | 7011 2000 0001 2218 5035 |

PS Form 3811, February 2004          Domestic Return Receipt.          102595-02-M-1540

# IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
## CHICKASAWBA DISTRICT
## CIVIL DIVISION

JASMINE BARCLAY                                    PLAINTIFF

vs.                          NO. CV-2014-204 (PH)

FREDERICK HORN;
SSS TRUCKING, INC.;
and JOHN DOES 1-10                                 DEFENDANTS

### PLAINTIFF JASMINE BARCLAY'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT FREDERICK HORN

The plaintiff, Jasmine Barclay, by and through her attorneys, Wilcox & Lacy, PLC., propounds the following Interrogatories and Requests for Production to the defendant, Frederick Horn, and requests that the defendant answer separate and fully, under oath and in writing, each and every one of the following Interrogatories and Requests for Production in the time and manner required by law.

These Interrogatories and Requests for Production shall be deemed continuing in nature up to and including the date of trial and any change in the answers given occasioned by new information, or change of information, or for any other reason shall be immediately supplemented by the defendant.

INTERROGATORY NO. 1: Please give your address, telephone number, date of birth, and social security number.

INTERROGATORY NO. 2: Please list each school, college, or other educational institution you have attended, the number of years you attended such school, and any degrees


EXHIBIT
D

obtained from each school.

INTERROGATORY NO. 3: Beginning ten (10) years prior to the incident made the basis of this suit and continuing through the time of the trial of this cause, please list all persons and/or entities by whom you have been employed, including any self-employment; and for each employer or self-employment, include the address of the employer, your job duties, the date your employment began, the date your employment ended, the rate of pay with each such employment, and the reason, if any, for the termination of such employment.

INTERROGATORY NO. 4: If you have ever been arrested for or convicted of driving while intoxicated or another felony or misdemeanor offense, please state the nature of the offense, the place and time of the arrest, and conviction, if any, and any prison, jail or probation time served.

INTERROGATORY NO. 5: If you have ever had your driver's license suspended, canceled or revoked for any reason, please state the reason for such suspension, cancellation or revocation, and the place and time such action occurred.

INTERROGATORY NO. 6: If you have ever been involved in a motor vehicle collision or accident prior to or after the incident made the basis of this suit, please state when and where each such accident or collision occurred, the nature of such occurrence, and the extent of personal and/or property damage done and the nature of injuries to any person involved therein.

INTERROGATORY NO. 7: Please describe in detail the motor vehicle you were driving when the incident made the basis of this lawsuit occurred. Please include in your

2

description the registered owner's name, the make, model and model year of the vehicle, and the condition of the brakes, lights, tires, turn signals and steering apparatus at the time of the incident made the basis of this suit.

INTERROGATORY NO. 8: Please state in detail your version of the subject incident and the way in which you incurred any personal injury or property damage as a direct result of such incident. Please include in your answer the time of day or night, weather conditions, and road or street conditions.

INTERROGATORY NO. 9: If you consumed or ingested any intoxicating liquor, beer, or other substances, or consumed or ingested any drugs, whether prescription or otherwise, within the twenty-four hour period preceding the subject incident, please state what you consumed, how much you consumed, and when and where such consumption occurred.

INTERROGATORY NO. 10: Identify any pictures, diagrams, or layouts that were made of the scene of this incident, after the incident in question, that you are aware of, whether you or someone else generated same, and identify who has possession of said items.

INTERROGATORY NO. 11: Do you have any type of indemnification agreement with any other party or entity herein regarding any liability for this occurrence? If so, please identify such entities.

INTERROGATORY NO. 12: Please describe the trip of the subject vehicle during which said incident occurred; answer with regard to the point of departure, the streets traveled, the purpose of said trip, any stops made during the trips and prior to such incident,

and the purpose of any stop.

INTERROGATORY NO. 13:  Please describe in detail your relationship with any other Defendant(s) in this case at the time of the occurrence in question and at the present time.

INTERROGATORY NO. 14:  Please describe in detail any and all reports made by you, or anyone else acting on your behalf, concerning the incident, including all reports made to any state or federal agency.

INTERROGATORY NO. 15:  Do you contend that the injuries and/or damages suffered by Plaintiff from the subject collision were proximately caused by any equipment or component defect or failure in the subject vehicle and/or subject trailer? If so, please explain fully the equipment or component defect or failure in the subject vehicle and/or subject trailer.

INTERROGATORY NO. 16:  Identify all contracts and agreements under the terms of which the cargo in the subject trailer was being transported by you at the time of the incident.

INTERROGATORY NO. 17: Please list the names, addresses and telephone numbers of all persons known by you or your attorney to be eyewitnesses to the matters alleged in the plaintiff's Complaint.

INTERROGATORY NO. 18: Please state whether you, or anyone on your behalf has reached a settlement with any other party or potential party in this suit and, if so, the details of such settlement.

4

INTERROGATORY NO. 19:  Please state whether you had in effect at the time of the incident described in the plaintiff's Complaint any policy of insurance that covered any of the damages described in the complaint and, if so, state the name of the carrier, the type of insurance, and the policy limits.

INTERROGATORY NO. 20:  Please identify each person who assisted in the preparation of the answers to these Interrogatories and responses to these Requests for Production.

INTERROGATORY NO. 21:  State the names and addresses of all persons with whom you have discussed the incident described in the plaintiff's Complaint.

INTERROGATORY NO. 22:  Please give the names, addresses, and telephone numbers of all persons whom you or your attorney may call as (a) lay or (b) expert witnesses at the trial of this case.

INTERROGATORY NO. 23:  In regard to the persons named in answer to the preceding interrogatory, please state the subject matter on which they are expected to testify, the substance of the facts and opinions to which they are expected to testify, and a summary of the grounds for each opinion.

INTERROGATORY NO. 24:  Please state whether anyone has taken a written or recorded statement from you about the matters described in the plaintiffs' Complaint. If so, state the date of the statement, the person to whom the statement was given, and the custodian of the statement.

INTERROGATORY NO. 25: Please provide a summary and approximate date of any

and all statements that have been made to you or that you or your attorney are aware of, by Erica Redman.

REQUEST FOR PRODUCTION NO. 1: Please furnish a copy of each photograph, motion picture, video, map, drawing, chart, diagram, measurement, survey, or other documents concerning the incidents, including the scene of the incident, the vehicles involved in the incident and any accident reconstruction.

REQUEST FOR PRODUCTION NO. 2: Please furnish a copy of all written or other documentation of any inspection, examination, test, repair or analysis of the subject vehicle involved in the incident made the basis of this lawsuit, or the scene of the incident in question, or the subject trailer.

REQUEST FOR PRODUCTION NO. 3: Please produce copies of any and all reports, evaluations and/or investigations relating to the incident in question.

REQUEST FOR PRODUCTION NO. 4: Please produce, for each expert witness identified in answer to the interrogatories, the following:

    a.    All documents and tangible things (including all written reports, drawings, physical models, visual aids, compilations of data and other materials) prepared by an expert or for an expert, in anticipation of the expert's trial and deposition testimony. This request should be deemed to include documents and tangible things which reflect the factual observations, tests, supporting data, calculations, or opinions of an expert who may be called as an expert witness. If a written report has not been requested, Plaintiff hereby requests that a report be generated and produced to Plaintiff without the necessity of filing a motion to compel.

    b.    All standards, authoritative treatises and/or learned treatises, codes, statutes, articles, or other published data that are basis of any mental impression or opinion formulated by any designated expert witness of this defendant.

6

    c.    A current copy of each such expert's curriculum vitae, resume, publication list and listing of all testimony provided by such expert(s) during depositions and/or trials.

    d.    Any and all photographs, videotapes, audio tapes, computer generated printouts, drawings, charts, data compilations, recordings, graphs, calculations, and/or diagrams in the possession of said expert that relate to any issue in this cause.

    e.    A report from such expert setting forth his impressions and opinions about this case and the facts supporting such opinions.

    f.    All trial exhibits which each such expert has prepared or will prepare for use in trial, or will rely upon at trial.

REQUEST FOR PRODUCTION NO. 5: For a period commencing ninety (90) days prior to the incident made the basis of this suit and ending ninety (90) days after such incident, please produce all driver's log books, logs, electronic tracking data and any other document pertaining to the subject truck, which were created, generated, or completed by you and/or any other person with respect to the truck involved in the incident in question.

REQUEST FOR PRODUCTION NO. 6: Please produce all repair tickets, repair invoices, bills, maintenance logs or sheets, and other documents relating to any and all repairs, modifications, alterations performed on the subject vehicle during the past five years.

REQUEST FOR PRODUCTION NO. 7: Please produce all repair tickets, repair invoices, bills, maintenance logs or sheets, and other documents relating to any and all repairs, modifications, alterations performed on the subject trailer during the past five years.

REQUEST FOR PRODUCTION NO. 8: Please produce a copy of the certificate of title on the subject vehicle driven by you on the day of the incident made the basis of this

suit.

REQUEST FOR PRODUCTION NO. 9:   Please produce a copy of the certificate of title on the subject trailer involved in the incident made the basis of this suit.

REQUEST FOR PRODUCTION NO. 10:   Please produce a copy of any surveillance movies or photographs which have been made of the plaintiff.

REQUEST FOR PRODUCTION NO. 11:   Please produce copies of any movies, videotapes or other reproduction of the accident scene.

REQUEST FOR PRODUCTION NO. 12:   Please produce a copy of any damage appraisal made of the subject vehicle.

REQUEST FOR PRODUCTION NO. 13: Please produce the following documents and items:

a.   Your entire personnel file at SSS Trucking, Inc.

b.   All records of and documents relating to any driving tests administered to you by, at the direction of, or in connection with your driving for, SSS Trucking, Inc.

c.   All records of and documents relating to all written tests administered to you by, at the direction of, or in connection with your driving SSS Trucking, Inc.

d.   All disciplinary actions or proceedings relating to you.

e.   All driver's qualification files relating to you.

f.   All payroll records and time sheets for the time period from ninety days prior to the incident giving rise to this lawsuit to ninety days after the incident giving rise to this lawsuit reflecting time actually worked by you.

g.   All trip receipts for the time period from ninety days prior to the incident giving rise to this lawsuit to ninety days after the incident giving rise to this

8

lawsuit.

h.   All commercial drivers licenses issued to or in effect for you at any time from the date of the incident giving rise to this lawsuit through the present.

i.   All DOT certifications or permits under which you were permitted to operate the truck-tractor and/or trailer involved in this suit on the day of the collision in question.

REQUEST FOR PRODUCTION NO. 14:  Please produce any and all documents in your possession or that of your attorney which originated from Jasmine Barclay or refer to Jasmine Barclay in any way.

REQUEST FOR PRODUCTION NO. 15:  Please produce each document that you or your attorney may introduce into evidence or refer to at the trial of this matter, or that you or your attorney may show to the Court during Opening Statement, Closing Argument, or at any other time, or that may be relied upon by any witness identified in response to Interrogatory No. 22.

INTERROGATORY NO. 25: Please state the present condition of your physical and mental health.  List the name and address of all physicians, psychologists, and therapists who have treated or counseled with you during the past five years, and describe the conditions or circumstances for which you were treated or counseled.

INTERROGATORY NO. 26: Please sign the Medical Authorization attached hereto.

INTERROGATORY NO. 27: Please treat the foregoing Interrogatories and Requests for Production as continuing and furnish to the plaintiff, through her attorney, in writing, any additional information received by you subsequent to the date of your answers and responses

hereto that would modify or supplement your answers or responses, such additional information to be furnished as soon as reasonably possible after receipt by you and within a reasonable time prior to the assigned trial date in order to permit appropriate discovery procedure.  Will you do so?

DATED this ⟨30⟩ day of December, 2014.

Brandon W. Lacy #03098
Wilcox & Lacy, PLC
600 S. Main
Jonesboro, AR 72401
(870) 931-3101

By: _____

Brandon W. Lacy #03098

10

## AUTHORIZATION TO DISCLOSE HEALTH AND/OR MENTAL HEALTH INFORMATION

PATIENT NAME:
DATE OF BIRTH:                                    SOCIAL SECURITY NUMBER:
DATE(S) OF RECORDS REQUESTED:

I authorize the use or disclosure of the above named individual's health information as described below:

1.  The following individual or organization is authorized to make the disclosure:

_____

_____
_____

2.  The following individual and/or organization, as well as any other agent, employee or representative of said individual and/or organization, may receive disclosure of protected health information about me for the purpose of gathering information regarding a personal injury matter:

    **Wilcox & Lacy PLC**
    **600 S. Main St.**
    **Jonesboro, AR 72401**

3.  The type and amount of information to be used or disclosed is as follows:
    | | | | |
    |---|---|---|---|
    | X | **Problem List** | X | **Medication List** |
    | X | **List of Allergies** | X | **Immunization Record** |
    | X | **Most Recent History and Physical** | X | **Most Recent Discharge Summary** |
    | X | **Laboratory Results** | | |
    | X | **X-ray and Imaging Reports** | | |
    | X | **Consultation Reports** | | |
    | X | **Billing Statements, Invoices, and Summary of Expenses** | | |
    | X | **Entire record, including records from any other medical and/or healthcare provided of any kind or source that may be contained within or a portion of your files, even though not authored by your physician and/or facility. These records are inclusive of medical, hospital, psychological and psychiatric reports, records, tests, doctors' notes, nurses' notes, x-rays.** | | |

4.  I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

5.  I understand that I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. **Unless otherwise revoked, this Authorization is valid for 90 days.**

6.  I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the above referenced medical care provider.

7.  A photostatic copy of this Authorization, or a carbon copy shall be construed as effective and valid as the original and that treatment, payment, or health care operations cannot be denied upon the granting or denial of this authorization.

8.  **THIS REQUEST ALLOWS YOUR FACILITY TO RELEASE A COMPLETE COPY OF YOUR FILE AND NOT JUST SELECTED PORTIONS.**

Date:_____          _____
                                                                  **(Name)**

STATE OF _____
COUNTY OF _____

### ACKNOWLEDGMENT

     On this _____ day of _____ 2014, before me, the undersigned notary public, personally appeared _____, known to me or satisfactorily proven to be the person whose name is subscribed to the foregoing authorization, and acknowledged that he executed same for the purposes therein contained.

     In witness whereof, I hereunto set my hand and official seal.


_____My commission expires:                                      Notary Public

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

JASMINE BARCLAY                                                    PLAINTIFF

vs.                              NO. CV-2014-204 (PH)

FREDERICK HORN;
SSS TRUCKING, INC.;
and JOHN DOES 1-10                                                 DEFENDANTS

### PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS PROPOUNDED TO DEFENDANT FREDERICK HORN

Comes now Plaintiff, Jasmine Barclay, pursuant to Rule 36 of the Arkansas Rules of Civil

Procedure, and states the following as her Requests for Admission applicable to the Defendant,

Frederick Horn. **Pursuant to Rule 37(c) of the Arkansas Rules of Civil Procedure, if Frederick**

**Horn fails to admit the truth of the matters requested and if Plaintiff proves the truth of the**

**matter, Plaintiff shall apply for an order requiring Frederick Horn to pay expenses incurred**

**in making that proof, including reasonable attorney's fees.**

**REQUEST FOR ADMISSION NO. 1**:      Please admit that you were 100% at fault for

the motor vehicle collision with Jasmine Barclay on September 23, 2014 that is the basis of this

lawsuit.

**REQUEST FOR ADMISSION NO.2**:      Please admit that Jasmine Barclay was zero

percent at fault for the motor vehicle collision on September 23, 2014 that is the basis of this

lawsuit.

**REQUEST FOR ADMISSION NO. 3**:      Please admit that your negligence caused the

motor vehicle collision with Jasmine Barclay on September 23, 2014 that is the basis of this lawsuit.



EXHIBIT
E

**REQUEST FOR ADMISSION NO. 4**: Please admit that on September 23, 2014, as you were traveling east on State Highway 18, your vehicle was in the inside (left) lane.

**REQUEST FOR ADMISSION NO. 5**: Please admit that on September 23, 2014, as Jasmine Barclay was traveling east on State Highway 18, her vehicle was in the outside (right) lane.

**REQUEST FOR ADMISSION NO. 6**: Please admit that on September 23, 2014, while attempting to pass traffic and switch to the outside lane, you failed to properly check for upcoming traffic entering or exiting the outside lane thus colliding with Jasmine Barclay's vehicle in the front driver's side fender and door.

**REQUEST FOR ADMISSION NO. 7**: Please admit that it was your negligence in failing properly check for upcoming traffic entering or exiting the outside lane on September 23, 2014 which was the proximate cause of the collision with Jasmine Barclay.

**REQUEST FOR ADMISSION NO. 8**: Please admit that Jasmine Barclay complained of being hurt immediately after the collision.

**REQUEST FOR ADMISSION NO. 9**: Please admit that the collision caused injuries to Jasmine Barclay.

Respectfully submitted,

Brandon W. Lacy #03098
**Wilcox & Lacy, PLC**
600 S. Main Street
Jonesboro, AR 72401
870-931-3101

By: _____
Brandon W. Lacy #03098

2

# IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
## CHICKASAWBA DISTRICT
## CIVIL DIVISION

**FILED**

JAN 2 0 2015
11:30 a
LESLIE MASON
CIRCUIT CLERK

**JASMINE BARCLAY**                                          **PLAINTIFF**

**vs.**                              **NO. CV-2014-204 (PH)**

**FREDERICK HORN;**
**SSS TRUCKING, INC.;**
**and JOHN DOES 1-10**                                       **DEFENDANTS**

### PROOF OF SERVICE

Comes now the Plaintiff, Jasmine Barclay, by and through her attorneys, Wilcox & Lacy, PLC, and for her Proof of Service, states:

1.      Tommy E. Dulaney, Registered Agent for SSS Trucking, Inc., was served with a Complaint and Summons, via certified mail return receipt, according to the provisions of the Arkansas Rules of Civil Procedure. Said service is reflected by the attached Return Receipt that was signed on the 9th day of January, 2015.

Dated this 13th day of January, 2015.

                          Respectfully Submitted,

                          Brandon Lacy, #03098
                          Wilcox & Lacy, PLC
                          Attorneys at Law
                          600 S. Main Street
                          Jonesboro, Arkansas 72403
                          (870) 931-3101

                          By:_____
                              Brandon Lacy, #2003098


EXHIBIT
F

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

SSS Trucking, Inc.
c/o Tommy E. Dulaney
South Industrial Park
Highway 11 South
Meridian, MS 30307

Barclay

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
1-9-15

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☒ Yes

2. Article Number
(Transfer from service label)   7011 2000 0001 2218 5028

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

**FILED**

JAN 2 0 2015

LESLIE MASON
CIRCUIT CLERK

IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
CHICKASAWBA DISTRICT
CIVIL DIVISION

JASMINE BARCLAY                                                PLAINTIFF

vs.                              NO. CV-2014-204 (PH)

FREDERICK HORN;
SSS TRUCKING, INC.;
and JOHN DOES 1-10                                            DEFENDANTS

## PLAINTIFF JASMINE BARCLAY'S INTERROGATORIES AND REQUESTS FOR PRODUCTION TO DEFENDANT SSS TRUCKING, INC.

The plaintiff, Jasmine Barclay, by and through her attorneys, Wilcox & Lacy, PLC, propound the following Interrogatories and Requests for Production to the defendant SSS Trucking, Inc., and requests that the defendant answer separate and fully, under oath and in writing, each and every one of the following Interrogatories and Requests for Production in the time and manner required by law.

These Interrogatories and Requests for Production shall be deemed continuing in nature up to and including the date of trial and any change in the answers given occasioned by new information, or change of information, or for any other reason shall be immediately supplemented by the defendant.

INTERROGATORY NO. 1: Identify, including job title and description, the person or persons answering these interrogatories. If more than one person is supplying answers to



EXHIBIT
G

these interrogatories, identify each person and specify which interrogatory the person answered or assisted in answering.

INTERROGATORY NO. 2: Please state whether Frederick Horn was acting in the course and scope of his employment and/or agency with you at the time of the collision in question.

     a.     If not, please describe in detail the relationship between Frederick Horn and this Defendant at the time of the incident, and at this time.

     b.     Identify any and all written agreements you had with Frederick Horn at the time of the incident.

REQUEST FOR PRODUCTION NO. 1: Please produce all agreements identified in the immediately preceding interrogatory.

INTERROGATORY NO. 3: Please list the names, addresses and telephone numbers of all persons known by you or your attorney to be eyewitnesses to the matters alleged in the plaintiffs' Complaint.

INTERROGATORY NO. 4: Identify any pictures, diagrams, or layouts that were made of the scene of this incident, after the incident in question, that you are aware of, whether you or someone else generated same and identify who has possession of said items.

INTERROGATORY NO. 5: Do you have any type of indemnification agreement with any entity regarding any liability for this occurrence?

INTERROGATORY NO. 6:  Please describe the trip of the subject vehicle on the day of the incident.  Answer with regard to the point of departure, the streets and/or roadways traveled, the purpose of said trip, any stops made during the trip and prior to such incident, and the purpose of any stop, through the time of the incident.

INTERROGATORY NO. 7: Describe in detail the cargo being carried and/or transported in the subject trailer at the time of the incident, including the volume and weight, and whether the cargo was "hazardous material."

INTERROGATORY NO. 8: Please describe in detail your relationship with any other Defendant(s) in this case at the time of the occurrence in question and at the present time.

INTERROGATORY NO. 9: Have you been a party to any lawsuits related to vehicular collisions during the past ten years? If so, then please state the following for such lawsuit:

a.     the case number, court, county and parties to such suit;

b.     the date such suit was filed;

c.     the status of such litigation; and

d.     the allegations made against Defendant in each lawsuit.

INTERROGATORY NO. 10:  Please state the correct name, present or last known resident address, and telephone number of the registered owner of the subject vehicle, at the time of the incident.

3

INTERROGATORY NO. 11: State the present owner and location of the subject vehicle.

INTERROGATORY NO. 12: Please describe in detail all of your hiring policies and/or procedures, including procedures with regard to the hiring of truck drivers and employees, including Frederick Horn.

INTERROGATORY NO. 13: Please describe any and all driver training and vehicle maintenance training provided to Frederick Horn during his employment and/or relationship with you.

INTERROGATORY NO. 14: Please describe in detail the procedures utilized by you to check the driving record of your employees, including, but not limited to, truck drivers and/or persons such as Frederick Horn.

INTERROGATORY NO. 15: Describe in detail the driving record of Frederick Horn through the date of the incident, including the number of traffic citations, the reason for each citation and the result of each citation.

INTERROGATORY NO. 16: Please state if you were the owner of the subject vehicle on the day in question and, if not, please identify the owner.

INTERROGATORY NO. 17: Please state if you were the owner of the subject trailer on the day in question and if not, please identify the owner.

INTERROGATORY NO. 18: Have you entered into any settlement agreements or other agreements of any nature with any party to this lawsuit or any other person or entity

4

which would relate to claims asserted in this lawsuit or the liability of any persons or entities therefor?

INTERROGATORY NO. 19: Please state whether you have in force and effect any policies of liability insurance providing coverage for the potential liability described in the Complaint.

INTERROGATORY NO. 20: If the answer to the preceding interrogatory is in the affirmative, please state the following with respect to each such policy of liability insurance:

      (a)    the name and address of the company issuing such policy or policies;

      (b)    the number of such policies;

      (c)    the limits of liability under such policies;

      (d)    the primary policy holder and name or names of individuals insured under each such policies; and

      (e)    the amount of money claimed under each available coverage.

REQUEST FOR PRODUCTION NO. 2: Please provide a certified copy of the policy of insurance and declarations pages for each and every policy listed in your answer to the preceding interrogatory.

INTERROGATORY NO. 21: Please state whether anyone has taken a written or recorded statement from any employee or agent of SSS Trucking, Inc. about the matters described in the plaintiffs' Complaint. If so, state the date of the statement, the person giving the statement, the person to whom the statement was given and the custodian of the

5

statement. To the extent you maintain that such information is privileged and/or subject to the attorney work-product doctrine, please produce a privilege log.

INTERROGATORY NO. 22: Please state the date, time and place at which Frederick Horn picked up the load he was carrying at the time of the collision.

REQUEST FOR PRODUCTION NO. 3: Produce for inspection and copying any and all bills of lading issued on the load which Frederick Horn was carrying at the time of the collision.

REQUEST FOR PRODUCTION NO. 4: Produce for inspection and copying any and all records of fuel stops made by Frederick Horn in the twenty-four hours prior to this collision including, but not limited to, information reflecting the amount of fuel and the location of said fuel.

INTERROGATORY NO. 23: Was there an automatic on-board recording device monitoring SSS Trucking, Inc.'s duty status?

INTERROGATORY NO. 24: How many hours had Frederick Horn been driving prior to the accident in question?

INTERROGATORY NO. 25: State the exact location that Frederick Horn took any rest or stop during the forty-eight hour period prior to the accident in question.

INTERROGATORY NO. 26: State how many hours Frederick Horn had been on duty in the seven days prior to the accident.

6

INTERROGATORY NO. 27:  Has anyone acting for you obtained a statement from the plaintiff or any witness concerning the occurrences?

REQUEST FOR PRODUCTION NO. 5: Produce for inspection and copying such statements taken from the plaintiff or witness.   To the extent you maintain that such information is privileged or subject to the attorney work-product doctrine, please produce a privilege log.

INTERROGATORY NO. 28:  Did your representative or any medical personnel or police personnel perform any alcohol or controlled substance testing on defendant Frederick Horn within the twenty-four hours preceding or following this collision?

REQUEST FOR PRODUCTION NO. 6: If your answer to the previous interrogatory is in the affirmative, please attach to your answers copies of any documentation outlining the tests, by whom taken, when taken, and the results thereof.

INTERROGATORY NO. 29: Please state whether, prior to this collision, defendant Frederick Horn had ever been randomly tested for alcohol or controlled substances.

REQUEST FOR PRODUCTION NO. 7:  If your answer to the previous interrogatory is in the affirmative, please attach to your answers copies of any documentation outlining the tests, by whom taken, when taken, and the results thereof.

REQUEST FOR PRODUCTION NO. 8: Please produce a copy of defendant Frederick Horn's personnel records, including all records in regard to background and character checks, annual reviews of driving record, records of violations, and medical examination reports.

INTERROGATORY NO. 30: Has an estimate for repairs been done on the vehicle Frederick Horn was driving at the time of the collision, or have any repairs been done on the vehicle?

REQUEST FOR PRODUCTION NO. 9: If your answer to the preceding interrogatory was yes, produce for copying and inspection copies of any estimates for repair or receipts for repair.

INTERROGATORY NO. 31: State whether you or anyone acting for you has obtained or has any knowledge of any statement by any person who claims to have any knowledge concerning this collision. If so, state the name and address of each person as well as the custodian of the writing or recording.  To the extent that you maintain that this information is privileged and/or subject to the attorney work-product doctrine, please produce a privilege log.

REQUEST FOR PRODUCTION NO. 10: Please produce for purposes of inspection and copying any statements referred to in response to the previous interrogatory.  To the extent you maintain that such information is privileged and/or subject to the attorney work-product doctrine, please produce a privilege log.

INTERROGATORY NO. 32: Please state what photographs have been taken of the vehicles involved in the collision and/or of the collision scene.

REQUEST FOR PRODUCTION NO. 11: Please produce for copying and inspection the negatives of those photographs referred to in response to the previous interrogatory.

INTERROGATORY NO. 33: Was there an inspection of the tractor and/or trailer involved in this collision subsequent to the collision, and were there any mechanical defects, malfunctions or abnormal conditions relating to the vehicle defendant, Frederick Horn, was driving? If so, explain them.

REQUEST FOR PRODUCTION NO. 12: Please produce for purposes of inspection and copying defendant Frederick Horn's log book for the thirty days preceding and including the day of the incident.

INTERROGATORY NO. 34: Please give the names, addresses, and telephone numbers of all persons whom you or your attorney may call as (a) lay or (b) expert witnesses at the trial of this case.

INTERROGATORY NO. 35: In regard to the persons named in answer to the preceding interrogatory, please state the subject matter on which they are expected to testify, the substance of the facts and opinions to which they are expected to testify, and a summary of the grounds for each opinion.

REQUEST FOR PRODUCTION NO. 13: Please produce each document that you may introduce into evidence or refer to at the trial of this matter, or that you may show to the Court during Opening Statement, Closing Argument, or at any other time, or that may be relied upon by any witness identified herein.

INTERROGATORY NO. 36: Please provide a summary and approximate date of any and all statements that have been made to any employee or agent of SSS Trucking, Inc., or that your attorney is aware of, by Frederick Horn and/or Jasmine Barclay.

9

REQUEST FOR PRODUCTION NO. 14: Please produce any and all documents in your possession or that of your attorney which originated from Jasmine Barclay or refer to her in any way.

INTERROGATORY NO. 37: State the names and addresses of all persons with whom any representative of SSS Trucking, Inc. has discussed the incident described in the plaintiff's Complaint.

INTERROGATORY NO. 38: Is SSS Trucking, Inc. classified as an "interstate motor carrier" operating motor carrier equipment over the public highway? If so, please state:

(a)    Which type(s) of Interstate Commerce Commission (ICC) motor carrier SSS Trucking, Inc., is/are considered (i.e., common, contract, private or other types);

(b)    The ICC motor carrier classification of SSS Trucking, Inc.. (class I, II, or III);

(c)    All of the ICC motor carrier numbers assigned to SSS Trucking, Inc. by the ICC;

(d)    SSS Trucking, Inc.'s motor carrier prorate and/or fuel tax numbers assigned by any and all state governmental entities to SSS Trucking, Inc. for purposes of operating over or through their territories, or for the purchase of fuel within their state territories.

INTERROGATORY NO. 39: Do you intend to utilize, read from, or refer to, either in direct examination or cross-examination, any learned treatise, standard, regulation, or authoritative source?

REQUEST FOR PRODUCTION NO. 15: If your answer to the preceding Interrogatory is Yes, please provide the following information:

(A)    The name of any such document;

(B)    The year of publication;

(C)    The edition number;

(D)    The name and address of the publishing agency;

(E)    The parts or portions therefore which you intend to utilize, read from, or refer to.

INTERROGATORY NO. 40: Please state:

(A)    The identity of the person(s) who was in charge of the day-to-day motor carrier operations of SSS Trucking, Inc. at the time of the collision in question;

(B)    The identity of the person(s) in charge of dispatching and the identity of each of the dispatchers who dispatched drivers and equipment for cargo pickup, transportation and delivery on behalf of SSS Trucking, Inc. at the time the collision in question occurred;

(C)    The identity of the person(s) in charge of safety and/or a motor fleet safety program for SSS Trucking, Inc. at the time the collision in question occurred;

(D)    The identity of the person who was primarily charged with the reporting of the vehicular accident to other organizations and/or the investigation thereof on behalf of SSS Trucking, Inc. at the time the collision in question occurred;

(E)    The identity of the person at SSS Trucking, Inc. who is now in charge of computer operations;

11

(F)     The identity of the person who was in charge of maintenance of SSS Trucking, Inc.'s vehicles operated by or on behalf of SSS Trucking, Inc. at the time the collision in question occurred;

(G)     The identity of the person(s) and/or independent organization(s) conducting driver and/or equipment inspections on behalf of SSS Trucking, Inc. at the time the collision in question occurred; and

(H)     The identity of the person(s) responsible for checking and/or conducting audits or surveys of the drivers' daily logs submitted to SSS Trucking, Inc. by its drivers at the time the collision in question occurred.

INTERROGATORY NO. 41: Please state:

(A)     SSS Trucking, Inc.'s present safety rating as maintained by the Federal Office of Motor Carrier Safety, Field Operations (FOMCSFO); and SSS Trucking, Inc.'s safety rating at the time the accident herein occurred;

(B)     The date of the last survey or audit conducted by an FOMCSFO agent, indicating the number and type of violations discovered;

(C)     The identity of the FOMCSFO agent conducting the last survey or audit or SSS Trucking, Inc.'s motor carrier operations;

(D)     The dates of all other audits or surveys conducting by FOMCSFO agents of SSS Trucking, Inc.'s motor carrier operations in the ten years preceding the date of the accident in question, giving for each the number and type of violations discovered in each survey or audit;

12

(E)    The number of vehicular accident reports submitted by SSS Trucking, Inc. to the FOMCSFO  for the years 2004 through 2014.

(F)    The dates of each federal or state court action or civil forfeiture demand placed against SSS Trucking, Inc. by the FOMCSFO for violations of the Federal Motor Carrier Safety Regulations, indicating the final disposition and/or fine imposed after each such action, regardless of date of occurrence; and

(G)    The identity of any driver who, while employed by SSS Trucking, Inc. was charged in Federal Court, or had a civil forfeiture claim placed against them from the beginning of 2004 to the present, for violations of the Federal Motor Carrier Safety Regulations by the FOMCSFO, or its agents indicating the approximate date, type of violation and disposition after each driver's name.

INTERROGATORY NO. 42: Does SSS Trucking, Inc. or any other person, utilize computer equipment in the operation of SSS Trucking, Inc.'s trucking business? If so, please answer the following:

(A)    Is the computer utilized in creation of the payroll of drivers, other employees and settlements for owner/operators who perform services for SSS Trucking, Inc?

(B)    Is the computer utilized in trip settlements between SSS Trucking, Inc. and its owner/operators?

(C)    Is the computer utilized in the recording of:

(1)    Vehicular accidents?

(2)    Industrial accidents?

13

(3)    Cargo claims?

(D)    Is the computer utilized in reference to auditing hours of service (logs) of drivers?

INTERROGATORY NO. 43: Does SSS Trucking, Inc. maintain a company accident review board that reviews and determines if a vehicular accident is charged against a driver's safety record?  If so, please state:

(A)    If SSS Trucking, Inc. in the administration of the accident review board, adopts the motor carrier fleet safety standard of "preventable or not;"

(B)    If SSS Trucking, Inc. does not operate under the motor carrier fleet safety standard of "preventable or not," the method or industry standard utilized in determining if an accident is or is not chargeable against a driver's safety record;

(C)    The number of SSS Trucking, Inc.'s accident review board members and the identity of each;

(D)    The date(s) SSS Trucking, Inc.'s accident review board held meetings after the collision in question occurred for the purposes of determining if the collision in question was preventable and/or chargeable to SSS Trucking, Inc. or not;

(E)    If SSS Trucking, Inc.'s  accident review board reviewed the collision which is the subject of this litigation; and, if so, list any decisions or conclusions reached;

(F)    If there were any accident review board documents created on this accident by SSS Trucking, Inc.?

REQUEST FOR PRODUCTION NO. 16: If your answer is yes to subsection (F) in the above Interrogatory, please produce copies of the accident review board documents created on this collision by SSS Trucking, Inc.

REQUEST FOR PRODUCTION NO. 17: Please produce copies of any and all vehicular movement recording documents or records such as any tractor trip, computer-generated documents, tachography charts, generated by satellite or by whatever means, in reference to the physical movement of the tractor and/or trailer involved in the accident from the beginning of 2009 to the end of 2013.

INTERROGATORY NO. 44: Please treat the foregoing Interrogatories and Requests for Production as continuing and furnish to plaintiff, through her attorneys, in writing, any additional information received by you subsequent to the date of your answers and responses hereto that would modify or supplement your answers or responses, such additional information to be furnished as soon as reasonably possible after receipt by you and within a reasonable time prior to the assigned trial date in order to permit appropriate discovery procedure.  Will you do so?

DATED this 30ᵗʰ day of December, 2014.

Brandon W. Lacy #03098
Wilcox & Lacy, PLC
600 S. Main
Jonesboro, AR 72401
(870)-931-3101

By: _____
Brandon W. Lacy #03098

15