FILED

DEC 23 2014

NNA H...
CLERK

## IN THE CIRCUIT COURT OF MISSISSIPPI COUNTY, ARKANSAS
## CHICKASAWBA DISTRICT
## CIVIL DIVISION

JASMINE BARCLAY             PLAINTIFF

v.       NO. CV-2014-204 (PH)

FREDRICK HORN;
SSS TRUCKING, INC.;
and JOHN DOES 1-10            DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Jasmine Barclay, by and through her undersigned attorneys, Wilcox and Lacy, PLC., and for her Complaint against Defendants, Fredrick Horn, SSS Trucking Inc., and John Does 1-10, states:

1. Plaintiff, Jasmine Barclay, is a resident of Mississippi County, Arkansas.

2. Defendant Fredrick Horn is a resident of Butler, Alabama.

3. Defendant SSS Trucking, Inc. is a foreign corporation with its principal place of business located in a state other than Arkansas. The registered agent for the company is Tommy E. Dulaney, South Industrial Park, Highway 11 South, Meridian, Mississippi, 30307.

4. Defendants John Does 1-10 are individuals and/or entities that, either through their own negligence or vicariously through other individuals and/or entities, are liable for the injuries sustained by the Plaintiff in the motor vehicle collision that is the subject of this lawsuit. Despite diligent inquiry, the identities and whereabouts of these individuals remain unknown at this time.

1



EXHIBIT A

5. This action involves personal injuries sustained by Jasmine Barclay when a tractor trailer owned by Defendant SSS Trucking, Inc. and/or certain John Doe entities and driven by Defendant Fredrick Horn and/or certain John Doe entities, struck Ms. Barclay's vehicle after switching lanes on September 9th, 2014. The accident was due to the negligence of Defendant Fredrick Horn as more fully described herein. The accident caused severe and permanent injuries to Jasmine Barclay.

6. Jurisdiction and venue are proper in this Court based upon the residence of the parties and the location of the accident which gives rise to this claim.

## GENERAL ALLEGATIONS

7. On or around September 9th, 2014, Jasmine Barclay turned eastbound into the outside (right) lane of East State Highway 18 from the drive of Regal Motor Industries. At all times, immediately before, during, and after the accident in question, Jasmine Barclay was operating her vehicle in a reasonable and safe manner and in compliance with all applicable rules of the road.

8. On the day of the collision, Defendant Fredrick Horn was traveling eastbound directly behind another vehicle in the inside (left) lane of East State Highway 18 through Blytheville, Arkansas.

9. After Ms. Barclay had already turned into the outside lane of East State Highway 18 from Regal Motor Industries, Defendant Fredrick Horn attempted to pass traffic

then traveling in front of his vehicle by switching to the outside lane. Defendant failed to properly check for upcoming traffic entering or exiting the outside lane and collided with the front driver's side fender and door of the Plaintiff's vehicle.

10. At the time of the collision, Defendant Horn was an employee and/or agent of Defendant SSS Trucking, Inc. and was acting within the course and scope of his employment or agency. All negligence of Defendant Horn is imputed to SSS Trucking, Inc. under the doctrines of vicarious liability and respondeat superior.

11. Defendant failed to keep a proper lookout and maintain control of the vehicle, thus causing the collision.

12. As a result of the Defendants' careless and negligent operation and maintenance of his/their motor vehicle, the resulting collision caused serious, permanent injury to the Plaintiff.

## COUNT I - NEGLIGENCE

13. Paragraphs 1-12 are incorporated herein by reference as set forth word for word.

14. On September 9, 2014, Defendants were careless and negligent in the operation, maintenance, and use of the subject tractor trailer.

15. Specifically, but without limitation, Defendant was negligent for failing to: (1) keep a proper lookout; (2) keep his vehicle under control; (3) properly yield to other vehicles using the roadway; and, (4) otherwise failing to act in a way that ensured the safety of other

drivers.

16. As a result of Defendants' negligence, Plaintiff suffered serious injuries, permanent in nature.

17. As a result of the injuries caused by the Defendants' negligence, Plaintiff has suffered pain and mental anguish in the past and are reasonably expected to experience the same in the future, and have incurred past and will incur future medical expenses related to the injuries.

18. As a result of the injuries caused by Defendants' negligence, Plaintiff is entitled to recover all medical expenses incurred and to be incurred in the future related to the injuries sustained in the collision, compensation for pain, suffering and mental anguish experienced and to be experienced by Plaintiff as a result of these injuries, compensation for the permanent limitations upon Plaintiff as a result of these injuries, lost wages in the past and reasonably expected to be suffered in the future, and all other out-of-pocket costs and expenses associated with the above described injuries.

19. Jasmine Barclay is also entitled to recover for the property damage to her vehicle, damages for loss of use of her vehicle, and all other damages arising from the damage to her vehicle in this collision.

## COUNT II--NEGLIGENT HIRING AND RETENTION

20. Paragraphs 1 through 19 are incorporated herein by reference as set forth word for word.

4

21. Defendant SSS Trucking, Inc. and/or certain John Doe entity defendants, knew or in the exercise of ordinary care should have known, that Defendant Horn's and/or certain John Doe individual defendants' conduct would subject third parties to an unreasonable risk of harm.

22. Defendant SSS Trucking, Inc. and/or certain John Doe entity defendants were negligent in the hiring of Defendant Horn and/or certain John Doe individual defendants in that they failed to take adequate precautions to determine the individuals' past history and propensity to subject third parties to an unreasonable risk of harm.

23. In addition, after discovering evidence of the individuals' propensity to subject third parties to an unreasonable risk of harm, Defendant SSS Trucking, Inc. and/or certain John Doe entity defendants were negligent in retaining Defendant Horn and/or certain John Doe individual defendants.

24. Defendant SSS Trucking, Inc. and/or certain John Doe entity defendants were negligent in that they failed to exercise ordinary care to investigate and insure that positions such as operators and drivers of their tractor-trailers, which had the potential to cause an unreasonable risk to third parties, were only filled with qualified personnel.

25. As a direct and proximate result of Defendants' negligence, Plaintiff has suffered damages in an amount in excess of that required for federal diversity jurisdiction.

26. Plaintiff hereby demands a trial by jury.

WHEREFORE, Plaintiff Jasmine Barclay request's that she have and recover damages

as set forth herein and all costs, attorneys' fees and other just and proper relief to which they are entitled.

Respectfully Submitted,

Brandon W. Lacy #03098
**Wilcox & Lacy, PLC**
600 South Main
Jonesboro, AR 72401
(870) 931-3101

By: _____
Brandon Lacy #03098

6